422 So.2d 1282 (1982)
Rudolph F. TADDONIO, Jr.
v.
Sherdeane KINNEY-TADDONIO.
No. 13274.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1982.
Rehearings Denied December 21, 1982.
*1283 Anthony L. Glorioso, New Orleans, for Rudolph F. Taddonio.
Robert C. Lowe, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, Terence L. Hauver, New Orleans, for Sherdeane Kinney-Taddonio.
Before REDMANN, GULOTTA and SCHOTT, JJ.
GULOTTA, Judge.
The issue in this appeal is whether a suit for divorce based on a continuous one year voluntary separation (LSA-R.S. 9:301) may be commenced where an appeal has been taken (is pending and not lodged) from a judgment of separation and a finding of mutual fault.
Relying on LSA-R.S. 9:302, which provides in pertinent part:
Judgment of divorce after judgment of separation; alimony; custody and care of children
Where there has been no reconciliation between the spouses for a period of one year or more from the date the judgment of separation from bed and board was signed, either spouse may obtain a judgment of divorce.
If an appeal is taken a suit for divorce may not be commenced until the day after the date upon which the judgment becomes definitive as provided by Article 1842 of the Louisiana Code of Civil Procedure or until the expiration of the time stated in the preceding paragraph, whichever is later....,
the defendant wife, appealing, claims the trial judge erred in failing to stay plaintiff's petition for divorce until such time that a final judgment has been rendered in the separation suit and on the question of mutual fault.
Although the judgment of separation was not included in the designation of the record in this appeal, the divorce judgment orders the payment of "alimony pendente lite and child support pendente lite" be continued "until such time as a final determination has been made on the issue of fault".
*1284 The plaintiff husband, also appealing, claims the trial judge erred in awarding alimony pendente lite after the judgment of divorce became final.

STATUTORY CONSTRUCTION
In seeking a stay of the plaintiff husband's suit for divorce, the defendant wife contends the pertinent language in LSA-R.S. 9:302 applies to a divorce sought either under LSA-R.S. 9:301, or LSA-R.S. 9:302. The broad statutory construction the defendant seeks would bar the commencement of any suit for divorce even where the parties have been voluntarily living apart for a period of one year (LSA-R.S. 9:301) or where no reconciliation has been affected for a period of one year subsequent to the judgment of separation (LSA-R.S. 9:302).
We find no merit to defendant's interpretation of the statute. The language relied upon in paragraph two of the statute does not prohibit the commencement of any suit for divorce. The pertinent language in this second paragraph prescribes a time before which a suit for divorce under LSA-R.S. 9:302 may not be commenced. This paragraph refers to an instance where a judgment of separation has been granted, and a spouse seeks a divorce based on no reconciliation for a period of one year or more from the date of the judgment of separation. Accordingly, we conclude the pending appeal of the judgment of separation and the question of mutual fault is not a bar to a separate suit for divorce when the requirements for a divorce under LSA-R.S. 9:301 have been met. We hold, therefore, the trial judge properly denied the defendant wife's motion to stay the divorce proceedings and properly granted the judgment of divorce.

ENTITLEMENT TO ALIMONY PENDENTE LITE
The more perplexing problem is that part of the trial court's judgment (after the granting of the divorce) which continues alimony pendente lite in effect until a final determination has been made on the issue of fault.
Well settled is the rule that any judgment awarding alimony or child support obtained incident to a suit for separation ceases to have effect following a final judgment of divorce. See Lewis v. Lewis, 404 So.2d 1230 (La.1981); Graham v. Metzler, 402 So.2d 768 (La.App. 4th Cir.1981); Kennedy v. Kennedy, 261 So.2d 657 (La. App. 4th Cir.1972). Any order continuing in effect penente lite alimony subsequent to the finality of a divorce judgment runs contrary to established jurisprudence. However, under the peculiar circumstances in the instant case, pending the final determination of mutual fault question, the wife is entitled to alimony, albeit it not LSA-C.C. Art. 148 alimony.
Confronted with the question of entitlement to after-divorce alimony pending determination of the mutual fault question, and confronted further with a designation of record that does not include testimony relating to the needs of the wife and ability to pay of the husband, we are compelled to remand this matter to the trial court for the purpose of setting after-divorce alimony (LSA-C.C. Art. 160) pending final determination of the fault question.
Consistent with the foregoing, the judgment of the trial court granting the divorce is affirmed. That part of the judgment awarding alimony pendente lite after divorce is reversed and set aside. The matter is remanded to the trial court for the purpose of setting after-divorce alimony under LSA-C.C. Art. 160 pending a final determination of the fault question. The assessment of costs to await the final determination of fault.
AFFIRMED IN PART.
REVERSED IN PART AND REMANDED.

ON REHEARING
PER CURIAM:
In application for rehearing, the defendant wife correctly points out a misstatement of law in our original opinion *1285 that "any judgment awarding alimony or child support obtained incident to a suit for separation ceases to have effect following a final judgment of divorce". The properly stated rule of Lewis v. Lewis, 404 So.2d 1230 (La.1981) is that, although an award of alimony pendente lite ceases to have effect after divorce, the parental obligation of child support does not terminate with the dissolution of the marriage.
Accordingly, we recast our decree as follows:
Consistent with the foregoing, the judgment of the trial court granting the divorce is affirmed. That part of the judgment awarding alimony pendente lite after divorce is reversed and set aside. That part of the judgment relating to child support remains in effect. The matter is remanded to the trial court for the purpose of setting after-divorce alimony under LSA-C.C. Art. 160, pending a final determination of the fault question. The assessment of costs to await final determination of fault.