452 So.2d 184 (1984)
Lillian Ruth BATEMAN
v.
Paul F. LARSON.
No. CA-1459.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1984.
Rehearing Denied July 24, 1984.
*185 Ellis Jay Pailet, New Orleans, for appellee.
Anthony L. Glorioso, New Orleans, for appellant.
Before KLEES, LOBRANO and CIACCIO, JJ.
LOBRANO, Judge.
Lillian Ruth Bateman Larson, appellant, appeals the decision of the lower court which granted a divorce based on living separate and apart for more than one year, and which held both parties at fault. Appellant contends she was not guilty of legal fault under La.C.C. Art. 160 and thus should not be precluded from collecting permanent alimony from her husband Paul F. Larson, appellee.
Both parties originally requested a divorce from each other based upon being separated for a period in excess of one year as specified by La.R.S. 9:301. Appellant alleged that appellee abandoned her, and that she was without fault. Appellee alleged that he was free from fault in the dissolution of their marriage. On May 12, 1983 a trial was held and judgment was signed on May 13, 1983 wherein a divorce was granted to Dr. Larson based upon the separation for a period in excess of one year. The judgment further declared that both Dr. Larson and his wife were mutually at fault. The judgment ordered all pendente lite alimony payments stopped upon signing of the judgment and denied permanent alimony to appellant.
The issues raised by appellant are as follows. First, she argues that the trial court is in error in finding her at fault, and second, alimony pendente lite is not to cease until the divorce decree is final.[1]
In attempting to prove fault on the part of his wife, Dr. Larson alleged that she was guilty of refusing to engage in sexual intercourse. Additionally he claimed she was not supportive of his career and that she publicly critized him.
Article 141 of the Civil Code authorizes a separation on the basis of mutual fault. However, that statute does not create a new ground for separation. The fault contemplated by that article is the same fault which is enumerated under Civil Code Article 138. Dixon v. Dixon, supra.
Louisiana jurisprudence is clear that the refusal of a spouse to engage in sexual intercourse does constitute cruel treatment. However, the party alleging the refusal of sexual intercourse has the burden to show that there was a persistent and unjustified refusal to engage in such intercourse. Von Bechman v. Von Bechman, 386 So.2d 910 (La.1980); Phillpott v. Phillpott, 285 So.2d 570 (La.App. 4th Cir.1973).
The only evidence introduced by Dr. Larson to prove this claim was his own testimony. *186 The sum total of that testimony consisted of the following:
"Q. Did your wife refuse to have sex with you regularly in the year 1980?
A. Yes."
Appellant denied this claim and further testified that even after they agreed to separate, but prior to the actual separation, they engaged in sexual intercourse.
We find the uncorroborated testimony of Dr. Larson insufficient to prove by a preponderance the claim of fault on the part of his wife because she refused to perform the marital duties of sexual intercourse.
Dr. Larson attempted to prove that his wife was critical of him. However, on direct examination he could not recall what the criticism was or when it occurred. His own witness testified that he had been with Dr. & Mrs. Larson on five or six occasions and that on one of these occasions he recalled that Mrs. Larson was critical of her husband. However, this witness also said the incident was so insignificant that he could not recall the context of the criticism and had no specific recollection of when it occurred. Appellant called one witness who was a mutual friend of the Larsons and she testified she never heard any criticism by appellant of her husband.
In nearly every marriage there are times when one spouse is critical of the other. The test as to whether this criticism constitutes cruel treatment or public defamation must necessarily depend on whether its severity, frequency, and nature is of such an extent as to render living together unsupportable. Denbo v. Denbo, 345 So.2d 1257 (La.App. 1st Cir.1977).
Although much discretion is vested in the trial court with regard to factual findings in the area of domestic relations, we must conclude that in the instant case there was insufficient evidence to prove that Mrs. Larson was at fault under Art. 138 of the La.Civil Code. The judgment of the trial court finding fault on appellant's part was therefore clearly wrong and must be reversed.
The trial court terminated Mrs. Larson's alimony pendente lite of $800.00 per month upon the signing of the judgment of divorce. Alimony pendente lite awarded by judgment on a rule in a separation proceedings continues to accrue pending the final disposition of any appeal from that proceeding or divorce decree subsequently rendered in connection therewith. Taddonio v. Taddonio, 422 So.2d 1282 (La. App. 4th Cir.1982); writs granted 431 So.2d 412 (La.1983); Viser v. Viser, 243 La. 706, 146 So.2d 409 (1962); Morris v. Morris, 426 So.2d 318 (La.App. 2nd Cir.1983). Therefore alimony pendente lite must be reinstated retroactively and is to continue until such time as this judgment of divorce is final.
Accordingly, it is ordered, adjudged and decreed that appellant is entitled to alimony pendente lite in the amount of $800.00 per month until this divorce judgment is final. Further, the ruling of the lower court is reversed in so far as it found appellant to be at fault, and denied her claim for permanent alimony. The case is remanded for a determination of permanent alimony.
REVERSED AND REMANDED.
NOTES
[1] The question of Dr. Larson's fault has not been appealed by him and is therefore not before the Court. See, Dixon v. Dixon, 357 So.2d 856 (La.App. 4th Cir.1978).