KING, Judge.
This appeal presents the issue of whether or not the trial court erred in granting a judgment of separation based on mental cruelty.
Andrew W. Cruse, Jr. (hereinafter plaintiff) filed suit against his wife, Marilyn R. Cruse (hereinafter defendant) for a separation on the grounds of mental cruelty. The trial court granted a judgment of separation in favor of the plaintiff, awarded custody of the parties’ minor son to defendant, and ordered plaintiff to pay $150.00 per month child support. Defendant timely appeals only the portion of the judgment awarding plaintiff a separation. We affirm.
FACTS
Plaintiff and defendant were married in 1964. Two children were born of the marriage, one of whom is a major. The couple physically separated on February 10, 1985.
In the two years prior to the couple’s separation, defendant falsely accused plaintiff of adultery on several occasions. On one occasion, defendant had kidney problems and, believing her condition was related to a venereal disease, accused plaintiff of “running around.” In order to placate the defendant and to disprove her accusations, plaintiff submitted to a venereal disease test which was negative.
The summer prior to the separation, defendant falsely accused plaintiff of having an affair with her sister and threatened to tell her sister’s husband. At a subsequent New Year’s Eve party, defendant accused plaintiff of immoral conduct with another man’s wife, whom plaintiff had never met.
On February 10, 1985, plaintiff left the family home, following a heated argument in which defendant repeatedly accused plaintiff of committing adultery with other women. Plaintiff filed a petition for separation on February 25, 1985, alleging that defendant treated him so cruelly as to render their living together insupportable. Defendant denied that she had ever accused plaintiff of immoral conduct.
At the trial, defendant’s sister, Kathy McDonald, testified that defendant told her that she did not trust plaintiff. Mrs. McDonald also testified that defendant believed her sister-in-law wanted to be with plaintiff. Andrew M. Cruse, plaintiff’s father, testified that defendant remarked to him several times that she believed plaintiff was seeing other women, including her sister.
The trial judge granted the judgment of separation in favor of the plaintiff. Relying heavily on the testimony of defendant’s sister and plaintiff’s father, the trial judge found that the plaintiff met his burden of *1155 proving cruel treatment by a preponderance of the evidence.
Defendant appeals the separation judgment alleging that the trial court erred:
(1) In failing to find that the alleged accusations made by her to plaintiff occurred prior to their physical separation, and that there had been a reconciliation between the last alleged accusation and the date of their physical separation;
(2) In finding that her alleged statement to either plaintiff’s father or her sister constituted cruelty toward plaintiff;
(3) In finding that her alleged accusations of infidelity were of such a nature as to render plaintiffs living with her insupportable; and
(4) In holding that plaintiff met his burden of proof by a preponderance of the evidence.
These assignments of error will be consolidated for discussion as they are all interrelated.
LAW
Louisiana Civil Code Article 138 sets forth the grounds for separation from bed and board. A separation based on cruel treatment may be claimed if “[s]uch ill treatment is of such a nature as to render their [the married couple’s] living together insupportable.” LSA-C.C. Art. 138(3). Cruel treatment is not confined to physical mistreatment, but may result solely from mental harassment arising from conduct which is the very refinement of cruelty. Moore v. Moore, 192 La. 289, 187 So. 670 (1939); Corriere v. Corriere, 147 So.2d 668 (La.App. 3 Cir.1962).
This Court has held that a finding of cruelty requires dual analyses of the facts. First, the trial judge must decide whether or not the objective factual conduct, which is alleged to be cruel, actually occurred. Second, if the trial judge finds that the conduct in fact occurred, the trial judge must make a further, largely subjective, determination as to whether or not that conduct rendered the parties’ living together insupportable under the terms of Article 138(3). Derbes v. Derbes, 462 So.2d 302 (La.App. 3 Cir.1985); Durand v. Willis, 470 So.2d 947 (La.App. 3 Cir.1985), writ den., 477 So.2d 98 (La.1985).
In this case, plaintiff related specific instances, listing places and times, in which defendant accused him of adultery. Defendant categorically denied plaintiff’s allegations. The testimony of defendant’s own sister sharply contradicted the defendant’s position. The fact that defendant suspected her husband of having affairs with other women was also reaffirmed by plaintiff’s father.
The trial judge believed plaintiff’s presentation of the facts and found that plaintiff met his burden of proving cruel treatment by a preponderance of the evidence. A trial court’s findings of fact on the issue of a wife’s fault will not be disturbed on appeal unless found to be manifestly erroneous. Pearce v. Pearce, 348 So.2d 75 (La.1977); Harrington v. Campbell, 413 So.2d 297 (La.App. 3 Cir.1982). As the Louisiana Supreme Court has stated:
“In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility. Trosclair v. Trosclair, 337 So.2d 1216 (La.App. 1st Cir.1976). The factual findings of the trial court are therefore to be accorded very substantial weight on review.” Pearce v. Pearce, 348 So.2d 75, at page 78 (La.1977).
The trial judge’s subjective determination that the evidence was sufficient to support a finding that the defendant’s conduct rendered the couple’s living together *1156 insupportable is not clearly wrong. In the case of Dooley v. Dooley, 478 So.2d 564 (La.App. 2 Cir.1985), writ den., 480 So.2d 741 (La.1986), the court found that a wife’s unfounded accusations concerning her husband’s alleged relationship with his secretary and continuous negative remarks about all aspects of their lives were sufficient to represent a “continuous pattern of mental harassment” that rendered their living together insupportable. Regarding determinations as to what conduct constitutes cruel treatment, the court stated:
“Determinations of when and what cruelties constitute fault are essentially factual. Each case must be decided on its own peculiar facts. While a single instance of cruelty ascends to legal fault only when it is severe, the courts are clearly authorized to consider the cumulative effect on the marriage of instances of less severe conduct. When one spouse’s conduct, viewed as a whole, either alone or in combination with that of the other spouse, works to destroy the object of the marriage and to erode mutual harmony, that conduct may support the conclusion of fault that renders the common life insupportable.” Dooley v. Dooley, 478 So.2d 564, at page 566 (La.App. 2 Cir.1985), writ den., 480 So.2d 741 (La.1986).
We hold that the trial court did not manifestly err in finding that the plaintiff met his burden of proving by a preponderance of the evidence that defendant’s conduct occurred and constituted cruelty of such a nature as to render their living together insupportable. As in Dooley, the cumulative effect of defendant’s repeated accusations made to the plaintiff and statements made to other people regarding her suspicions about the plaintiff were sufficient to destroy the object of the marriage and render the parties’ living together insupportable.
For these reasons, the judgment of the trial court granting a separation in favor of the plaintiff is affirmed.
All costs of this appeal are taxed to defendant-appellant.
AFFIRMED.