503 So.2d 544 (1987)
Katherine D. MARTINEZ
v.
Robert T. MARTINEZ.
Consolidated with
Robert T. MARTINEZ
v.
Katherine DeMontluzin MARTINEZ.
Nos. CA-6067, CA-6068.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
A.D. Freeman, Satterlee, Mestayer & Freeman, New Orleans, for Robert T. Martinez.
Robert C. Lowe, Edith H. Morris, Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, for Katherine D. Martinez.
Before GULOTTA, KLEES and LOBRANO, JJ.
GULOTTA, Judge.
In this domestic relations case, both spouses appeal. The husband, Robert T. Martinez, appeals the portion of the "Judgment of Separation" finding his wife free from fault and the wife, Katherine DeMontluzin Martinez, appeals the divorce judgment. We affirm.
On April 23, 1985, the wife filed a "Petition for Separation" alleging abandonment. In response, the husband filed a reconventional demand asking for a separation on the basis that his wife's cruel treatment had rendered their living together insupportable. *545 In answer to the reconventional demand the wife alleged that the husband was guilty of cruel treatment and had committed adultery. Subsequently, the husband filed suit for divorce on the grounds that the spouses had lived separate and apart for one year. The separation and divorce were then consolidated and tried on the same date. A separation was granted in favor of the wife and she was "found to be free from fault". On the same date a judgment of divorce was granted.

FAULT ISSUE
In oral argument, the husband conceded fault on his part but argues the trial judge erred in finding the wife free from fault.
Determination of fault is a factual question, and the findings of the trial court on that issue will not be disturbed absent manifest error. Pearce v. Pearce, 348 So.2d 75 (La.1977). An examination of the record indicates that the trial judge's finding that the wife was free from fault is supported by the evidence.
The husband testified that he had moved out of the house because the atmosphere for the past five years has been totally unbearable. His wife accused him of unfaithfulness and expressed dissatisfaction with his job and the school that their daughter was attending. In addition, the husband noted that his wife is primarily concerned with her antique business and does not care about being a housewife. The husband further stated that although they have a servant who comes once a week and cooks two or three meals for them, he has to cook the balance of the meals. He also stated that his wife said the company he worked for is cheap, that he did not provide enough money for her, and that he is an alcoholic.
Jed Lykes testified that he has known Robert Martinez for about twenty years and has never seen the husband or wife being abusive to each other in public.
Howard Jordan, a friend of both the husband and the wife, testified that the parties have had a very cool relationship since he met them in 1953. Jordan further stated that Robert Martinez cooked most of the meals.
Andrew Martinez, the husband's brother, testified that in 1984, Mrs. Martinez had told him that her husband was "a drunk, a liar and a womanizer and that she hated all three". He also stated the wife said that her husband was not keeping up with his peer group and that she made more money than he did in her antique business.
Lucinda Lautenschlaeger testified that Mrs. Martinez has been in the antique business for about 15 years, which required her to travel occasionally. Moreover, the witness stated that although Katherine Martinez had never complained to her about Robert Martinez's ability to make money, she has complained about his drinking problem.
The wife stated that she was not critical of her husband's occupational pursuits, was very supportive of him, and did not demean her husband's intellect, or give him a reason to leave the domicile on December 4, 1984. In addition, the witness testified that she did not have an antique business but admitted that she does buy and sell antiques occasionally. Although she conceded to having said that her husband is an alcoholic, Mrs. Martinez denied having said that her husband earned "peanuts" or that she made more money than he did selling antiques.
Marcel Ellis, a friend of both the husband and the wife, testified that she has never seen Mrs. Martinez either demean Mr. Martinez's intellect or persistently and unjustifiably criticize his personality and temperament.
Elizabeth Vincent, a friend of both the husband and wife for several years, testified that she has never heard Mrs. Martinez verbally abuse her husband. She further testified that at a dinner party Martinez was "very" abusive to his wife who had done nothing to provoke this conduct.
Bama Rucker, a friend of both the husband and wife since 1971, testified that although Mrs. Martinez had told her that Robert Martinez had had several affairs, she could not recall Mrs. Martinez ever *546 saying that her husband was an alcoholic or that he was a failure and that she made more money than he did. According to the witness, the wife respected her husband's employer and wanted him to do well there.
Sylvia Jordan, who has known both the parties for about 30 years and who has socialized with them for the last five years, testified that the wife was extremely supportive of her husband and very differential towards him. The witness also testified that the Martinez house was always maintained in "perfect" condition and that she had never seen the wife out of control or displaying any objectionable behavior.
The evidence considered, we cannot say the trial judge erred in finding the wife to be free from fault. In so holding, we distinguish Cruse v. Cruse, 498 So.2d 1153 (La.App.3rd Cir.1986), relied on by the husband. In Cruse, the Third Circuit affirmed the trial court's judgment granting a separation in favor of the husband, concluding that the wife had falsely accused the husband of adultery. The Cruse court held that the false accusations constituted cruel treatment on the part of the wife. On the other hand, in the instant case, the trial judge, in finding that the wife was free from fault, apparently placed little or no significance in the accusations of the wife relating to adultery. Indeed, the trial judge in our case could very well have concluded that there was good reason for the wife's accusations. Unlike Cruse, the adultery accusation in the instant case did not play a primary role in the determination of the wife's freedom from fault.
On questions of fault or freedom from fault, each case must be decided on its own peculiar factual situation. Based on credibility determinations, we cannot say the trial judge's conclusions in our case are incompatible with the Third Circuit's holding in Cruse. Accordingly, we do not find the Cruse case to be persuasive in reaching our result.

APPEAL OF DIVORCE
The husband claims that because he has appealed from the wife's freedom from fault judgment and not the separation decree, the wife's appeal from the divorce decree (based on one year voluntary separation) was taken merely for the purpose of maintaining pendente lite alimony. According to the husband, the wife's appeal of the divorce decree is frivolous and he is entitled to damages.
The wife relying on Cassidy v. Cassidy, 477 So.2d 84 (La.1985), Taddonio v. Taddonio, 431 So.2d 412 (La.1983), and Bateman v. Larson, 452 So.2d 184 (La.App. 4th Cir. 1984), claims that because of Robert Martinez's appeal and because of her appeal she is entitled to alimony pendente lite pending final determination of the fault question and the divorce.
In the Taddonio case the trial judge had ordered payment of alimony pendente lite "until such time as a final determination has been made on the issue of fault". The wife appealed, claiming that the trial judge had erred in not staying her husband's petition for divorce until the final judgment had been rendered in the separation suit and on the question of mutual fault. The husband appealed the award of alimony pendente lite after the judgment of divorce became final. This Court reversed and set aside the part of the judgment awarding alimony pendente lite after divorce and remanded to the trial court for the purpose of setting after divorce alimony (LSA-C.C. Art. 160) pending final determination of the fault question.[1] The Louisiana Supreme Court in Taddonio v. Taddonio, supra, set aside the Fourth Circuit's ruling in 422 So.2d 1282 "only insofar as it reverses the trial court judgment awarding alimony pendente lite and insofar as it remands to the trial court `for the purpose of setting after divorce alimony under La.C.C. Art. 160 pending a final determination of the fault question'," and remanded to the the Court of Appeal. On remand, this Court in Taddonio v. Taddonio, 428 So.2d 486 (La.App. 4th Cir.1983), stated that the Supreme Court affirmed the trial court's judgment granting alimony pendente lite until final determination of the fault question.
*547 In Bateman v. Larson, supra, the trial judge found both parties at fault and a divorce was granted on the basis of one year separation. The wife appealed the divorce and her fault. In Bateman, we held that alimony pendente lite continues to accrue pending the final disposition of any appeal from the separation "or divorce decree subsequently rendered in connection therewith".
In the Cassidy case a separation was granted based on mutual fault and a divorce was granted based on the parties separation for a period of one year. The wife appealed the judgment finding her at fault in the separation and the husband ceased paying alimony pendente lite. There was no appeal from the divorce. The Louisiana Supreme Court held that the wife's appeal kept alive her demand for alimony pendente lite until resolution of the fault question.
In our case, considering that the husband has appealed the wife's freedom from fault, the wife's appeal of the divorce has had no effect insofar as alimony pendente lite is concerned, because the husband must pay alimony pendente lite until final determination of the fault question.[2]
Accordingly, the judgment is affirmed.
AFFIRMED.
NOTES
[1] Taddonio v. Taddonio, 422 So.2d 1282 (La. App. 4th Cir.1982).
[2] This holding is not inconsistent with our disposition in writ No. C-5751, Martinez v. Martinez.