[ iWICKER, Judge.
This is an appeal in a proceeding by a divorced wife to obtain permanent alimony, in which the wife appeals the trial court’s finding of mutual fault against the parties and denial of her alimony claim. We affirm.
Lorraine Wempren Roussel and Octave T. (“T-Boy”) Roussel, Jr. had been married for nearly nine years when Mr. Roussel moved out of the marital domicile on or about March 16, 1995. Both parties filed petitions for divorce, which were consolidated. A judgment of divorce was rendered on November 10, 1995, at which time Mrs. Roussel filed a rule to establish alimony. After a hearing, the trial court rendered judgment on February 9, 1996, finding that both parties were mutually at fault in the breakup of the marriage and that Mrs. Roussel was not in need of financial support. Mrs. Roussel appeals.
|2The cumulative effect of the testimony in the record was that no single incident caused the breakup. Rather, Mrs. Roussel constantly criticized various aspects of Mr. Roussel’s skills and abilities (ranging from his defects as a barbecue chef to his gardening, grass-cutting, dancing, and carpentry skills, his smoking, and his sexual performance) and complained constantly about her own physical ailments. The parties occasionally had arguments about their adult children. There were problems with then-sexual relationship. Mr. Roussel grumbled occasionally to Mrs. Roussel (who handled the couple’s finances) that he thought there should be more money.
Mr. Roussel stated that Mrs. Roussel complained “all the time ... about everything.” He testified his wife told him several times over the course of the years either that she wanted a divorce or that he should move out of the house (which was Mrs. Roussel’s separate property).' Mr. Roussel’s son testified she asked him whether his father could move in with him because she was tired of Mr. Roussel. His father looked hurt and embarrassed after Mrs. Roussel made such comments. He also said that Mr. Roussel’s children did not feel comfortable visiting him at the matrimonial domicile.
Mrs. Roussel denied she ever asked him to leave or requested a divorce. She contended her complaints were nothing out of the ordinary.
La. Civ.Code Art. 112 provides, in pertinent part:
A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. * * *
(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
*162 (c) The financial obligations of the spouses, including their earning capacity; * ⅜ ⅜ ⅝ * *
13(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
(4) Permanent periodic alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries or enters into open concubinage.
In Brewer v. Brewer, 573 So.2d 467, 469 (La.1991), our supreme court stated, “In this imperfect world, all spouses have faults, and a spouse need not be perfect to be free from legal fault.” The court has also stated, “Petty quarrels between husband and wife do not rise to the level of legal fault. * * * A spouse in poor health is entitled to special consideration. * * * Legal fault consists of serious misconduct, which is a cause of the marriage’s dissolution.” Allen v. Allen, 94-1090 (La.12/12/94); 648 So.2d 359, 362. “To be legally at fault, a spouse must be guilty of cruel treatment or excesses which compel a separation because the marriage is insupportable.” Allen v. Allen, supra, at 363.
[T]he word “fault” contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. * * * To constitute fault, a wife’s misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation.
Pearce v. Pearce, 348 So.2d 75, 77 (La.1977).
“Under Louisiana law and jurisprudence, a continued pattern of mental harassment, nagging and griping by one spouse directed at the other can constitute cruel treatment; whereas mutual incompatibility, fussing and bickering cannot. * * * The testimony of both parties indicated a fractured relationship characterized by a pattern of 14mutual harassment and nagging.” Coleman v. Coleman, 541 So.2d 1003, 1005 (La.App. 3 Cir.1989). See also, Loyd v. Loyd, 336 So.2d 912, 913 (La.App. 2d Cir.1976).
“[I]n the area of domestic relations, the factual findings of the trial judge are accorded very substantial weight on review. The trial judge’s finding of fact on the issue of fault will not be disturbed unless manifestly erroneous.” Coleman v. Coleman, supra.
We find that Mrs. Roussel’s behavior in this case went beyond nagging. Persistent verbal abuse and unremitting complaints over a long period of time constitutes behavior such as to render living together insupportable. Accordingly, we find no manifest error in the trial court’s conclusion that there was mutual fault in the breakup of the marriage precluding Mrs. Roussel from obtaining alimony.
Giving our affirmation of the finding of mutual fault, we need not address the trial court’s conclusion on alimony because it is moot.
For the foregoing reasons, the judgment of the district court is affirmed. The parties are to pay their own costs.

AFFIRMED.