713 So.2d 816 (1998)
Richard Edward MINELLA
v.
Cynthia Pazos MINELLA.
No. 97-CA-1264.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 1998.
*817 Joseph P. Williams, Jr., Metairie, for Plaintiff/Appellee.
Mark D. Kuss, Alejandro A. Gonzalez, Gonzalez & Kuss, New Orleans, for Defendant/Appellant.
Before GRISBAUM, GAUDIN and GOTHARD, JJ.
GOTHARD, Judge.
In this divorce proceeding defendant/appellant, Cynthia Pazos, appeals a judgment of the trial court which finds mutual fault for purposes of permanent alimony. For reasons that follow, we affirm.
The record shows that the couple was married on July 3, 1993, and lived together for about two years until their separation in August, 1995. It was a second marriage for both parties and each had a teenage daughter living in the home. According to the testimony of both parties, the marriage was plagued with fighting and bickering from the beginning, largely due to differences in child-rearing philosophy. Specifically, Ms. Pazos did not agree with the way her husband was raising his daughter, Melissa, and interfered in the relationship on many occasions. The couple, along with the two children, tried counseling to no avail. In one extremely emotional counseling session, both girls told the counselor they felt more comfortable taking with Mr. Minella than with Ms. Pazos. That revelation caused Ms. Pazos to become extremely upset. When they returned home that evening, Ms. Pazos was extremely angry, and told Mr. Minella to leave the bedroom. He slept in the extra bedroom for about two weeks after that night.
Mr. Minella testified that on another occasion after a fight about Melissa, he decided to take his daughter to her mother's home. When he returned home he discovered that Ms. Pazos had removed most of his personal belongings from the master bedroom and put them in the den, forcing Mr. Minella to again sleep in the extra bedroom. Attempts at reconciliation failed. Ms. Pazos continued to be expressly critical of Mr. Minella and Melissa until the marriage ended in August, 1995.
Ms. Pazos' testimony corroborates that of her husband. She admits she was disapproving of Mr. Minella's method of raising his daughter. Ms. Pazos also testified that she believed Melissa to be involved in gang related *818 activities, and inappropriate sexual behavior.
On cross-examination, Ms. Pazos stated that Mr. Minella loved his daughter and desired to be a good parent. She also admitted that he would always have a talk with Melissa at Ms. Pazos's request when a "house rule" was broken. However, it was apparent from Ms. Pazos' testimony that she did not approve of Mr. Minella's efforts at parenthood and strongly disapproved of Melissa. She admitted removing all of her husband's clothes from the master bedroom after one of their fights over Melissa. In that instance Ms. Pazos was angry because Melissa had charged $5.00 on a gas card for her mother's car. She also testified that the couple was constantly at odds about Melissa.
After hearing all of the testimony, the trial court found that mutual fault existed in the breakup of the marriage, and rendered judgment accordingly. The sole issue on appeal is the correctness of the finding of fault on the part of Ms. Pazos.
LSA-C.C. article 112 requires that a party be free from fault and have insufficient means for support to receive permanent alimony. Legal fault consists of serious misconduct, which is the cause of the marriage's dissolution. To be legally at fault, a spouse must be guilty of cruel treatment or excesses which compel a separation because the marriage is insupportable. Allen v. Allen, 94-1090 (La.12/12/94), 648 So.2d 359, 362-363. The trial court has vast discretion in factual determinations in matters regarding determination of fault for purposes of preclusion from permanent alimony. LSA-C.C. art. 112, subd. A(1); Caldwell v. Caldwell, 95-963 (La.App. 5 Cir. 3/13/96), 672 So.2d 944, rehearing denied, writ denied, 96-1550 (La.9/24/96), 679 So.2d 1351.
While mere bickering and fussing cannot constitute cruel treatment for purposes of denying alimony, a continued pattern of mental harassment, nagging and griping by one spouse directed at the other can. Coleman v. Coleman, 541 So.2d 1003, 1005 (La.App. 3 Cir.1989). Thus, "a fractured relationship characterized by a pattern of mutual harassment and nagging" has been found sufficient to constitute mutual fault. Simon v. Davis, 96-876 (La.App. 5 Cir. 5/14/97), 696 So.2d 68, 71.
Given the facts of this case, we find no error in the trial court's finding of mutual fault. Ms. Pazos' behavior went beyond naging, to the point that it constitutes behavior such as to render living together insupportable. Accordingly, we affirm the trial court's ruling. See, Roussel v. Roussel, 96-682, 96-683 (La.App. 5 Cir. 1/28/97), 688 So.2d 160; Simon v. Davis, supra.
AFFIRMED.
GAUDIN, J., dissents.
GAUDIN, Judge, dissenting.
I respectfully dissent from the finding of mutual fault.
While Mr. and Mrs. Richard Minella obviously did not agree on how Mr. Minella's daughter Melissa (Mrs. Minella's stepdaughter) should be reared, my reading of the transcript does not indicate actionable cruel treatment by Mrs. Minella so as to deny alimony.