519 So.2d 828 (1988)
John D. OLSON
v.
Toni Watson OLSON.
Nos. CA-6249, CA-7957.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1988.
Earl M.J. Boydell, Jr., New Orleans, for appellee.
Lowe, Stein, Hoffman & Allweiss, Robert C. Lowe, Terence L. Hauver, New Orleans, for appellant.
Before GULOTTA, C.J., and WARD and WILLIAMS, JJ.
GULOTTA, Chief Judge.
In this domestic relations case, both spouses appeal. The husband, John D. Olson, appeals the trial judge's finding that his wife was free from fault and the wife, Toni Watson Olson, appeals the divorce judgment. We affirm.
On May 17, 1985, the husband filed a "PETITION FOR SEPARATION" alleging abandonment. Subsequently, he filed a "SUPPLEMENTAL PETITION FOR DIVORCE AND FOR CUSTODY" on the grounds that the parties had lived separate and apart for one year. In response, the wife filed a reconventional demand asking for a separation on the grounds that the husband had constructively abandoned her and that the husband's cruel treatment had rendered their living together insupportable. The separation and divorce suits were then consolidated and tried together. In the judgment rendered February 26, 1986, the trial judge dismissed the main demand and reconventional demand for separation from bed and board and Dr. Olson's suit for divorce. In written reasons for judgment, both parties were found to be free from fault. On March 6, 1986, the husband filed another "Petition For Divorce And For Custody" on the grounds that the spouses had lived separate and apart for more than one year. After a hearing on June 11, 1986, the judgment of divorce was granted.

FAULT ISSUE AND APPEAL OF THE DIVORCE
In his "PETITION FOR APPEAL" filed on May 28, 1986, the husband contended that the trial judge erred in finding the wife free from fault. On December 1, 1987, the husband filed a "Motion to Abandon Appeal" in this court and his appeal was dismissed on that day. Consequently, the husband orally argues that the dismissal of his appeal terminated the appeal on *829 the fault issue and that alimony pendente lite should cease on that day.
The husband further claims the wife's appeal from the divorce decree (based on one year voluntary separation), was taken merely for the purpose of maintaining alimony pendente lite. According to the husband, because the wife "is really concerned about the fault issue" and not the divorce, her appeal should be dismissed.
The wife relying on Cassidy v. Cassidy, 477 So.2d 84 (La.1985); Martinez v. Martinez, 503 So.2d 544 (La.App. 4th Cir.1987); Taddonio v. Kinney-Taddonio, 431 So.2d 412 (La.1983); and Bateman v. Larson, 452 So.2d 184 (La.App. 4th Cir.1984) claims that as a result of both her husband's appeal and her appeal, she is entitled to alimony pendente lite pending final determination of the fault question and the divorce.
The jurisprudence is well established that a spouse is entitled to alimony pendente lite pending final determination of the fault question. Cassidy v. Cassidy, supra; Taddonio v. Kinney-Taddonio, supra; Bateman v. Larson, supra; Martinez v. Martinez, supra. In Martinez, we were faced with an almost identical situation as in this case. In that case, the husband appealed the portion of the separation judgment finding the wife to be free from fault and the wife appealed the divorce judgment (based on one year voluntary separation). The husband in Martinez, claimed the wife's appeal of the divorce was frivolous.
In concluding the wife was entitled to alimony pendente lite pending finality of the fault question, we stated:
"....considering that the husband has appealed the wife's freedom from fault, the wife's appeal of the divorce has had no effect insofar as alimony pendente lite is concerned, because the husband must pay alimony pendente lite until final determination of the fault question."
In our case, the fault question was pending until the husband's appeal was dismissed on December 1, 1987. Because our holding in Martinez is dispositive of the instant case, we conclude that the wife's entitlement to alimony pendente lite continues until December 1, 1987 the date of the voluntary dismissal. Accordingly, the judgments are affirmed.
AFFIRMED.