640 So.2d 261 (1993)
Jerry Louis WILSON
v.
Carolyn Jane BRITTAIN.
No. 93 CW 1112.
Court of Appeal of Louisiana, First Circuit.
July 8, 1993.
Robert C. Lowe, New Orleans, for plaintiff.
Alan Fishbein, Baton Rouge, for defendant.
Before LOTTINGER, C.J., and WATKINS, CRAIN, and FOGG, JJ.
WRIT GRANTED. The relator filed a writ application seeking review of the termination of an award of alimony pendente lite after the judgment of a divorce based on La.Civ.Code Art. 102, living separate and apart for 180 days, even though the issue of fault was still pending in the lower court. The issue of fault was reserved or severed by the lower court on the date the judgment of divorce was rendered. The writ hereby is granted and the judgment granting alimony pendente lite is reinstated pending a final determination of the fault issue.
In Nungesser v. Nungesser, 558 So.2d 695 (La.App. 1st Cir.1990), writ denied, 560 So.2d 30 (La.1990), this court found when a trial court's fault findings as to a separation judgment had been appealed, the husband's obligation to pay alimony pendente lite continued until there was a final determination of the fault issue, even though a divorce judgment based on living separate and apart was rendered and became definitive in the interim.
It is the opinion of this court that by virtue of the elimination of separation proceedings, and the institution of divorces based on living separate and apart for only 180 days under La.Civ.Code Art. 102, the issue of fault in divorce proceedings is now most commonly tied to the issue of alimony rather than used as a ground for divorce. Also, as a practical matter, many lower courts sever the fault issue from the divorce proceedings because if the grounds for the divorce are met, divorce is granted almost automatically, while a determination as to fault may require more litigation. Because of docketing problems, the fault issue may not be scheduled for hearing until long after the divorce judgments, from which no party wishes to appeal, have become definitive. In this situation, a party who is receiving alimony pendente lite is still dependent upon the other spouse for support, because a determination of entitlement to permanent alimony cannot be made until the fault issue is decided.
For these reasons, this court has repeatedly held that until the determination of the fault issue has become definitive, the spouse receiving alimony pendente lite is entitled to continue to receive it. Although Nungesser, supra, was rendered prior to the elimination of separation proceedings, it is indicative of this court's position that alimony pendente lite continues even though a divorce *262 judgment has been rendered as long as the fault issue is still in litigation. Once the fault issue is definitive, the party receiving alimony pendente lite can request permanent alimony if that party is not at fault, or if the party is at fault, the alimony pendente lite will be terminated at that time.
EDWARDS, J., dissents and would deny the writ.