BYRNES, Judge.
Ralph Zatzkis appealed a judgment of the trial court dated July 14,1992 and an amended judgment dated August 12, 1992. Included in the judgments is a decree of divorce between Ralph and Sherril. The trial court signed the order for appeal on August 18, 1992.
On September 28, 1992, Ralph filed an “Amended Motion and Order for Appeal” in the trial court in an attempt to dismiss that portion of his appeal which relates to the divorce judgment. Thereafter, Ralph filed a Motion for Partial Dismissal of Appeal with this court with the same object, which was denied, effectively overruling the order of the trial court, which order was an absolute nullity-
Neither party contests the judgment of divorce. However, Sherril argues that when Ralph appealed without qualification or limitation the judgment of July 14, 1992 which included the divorce, the effect of the divorce is suspended pending this appeal. We agree. LSA-C.C.P. art. 3942. Sherril contends that as long as the effect of the divorce is suspended on appeal she is entitled to alimony pendente lite. Her claim for alimony pendente lite was denied by the trial court. Sherril appeals that decision and claims attorney’s fees. We reverse.
LSA-C.C.P. art. 3942 is mandatory:
“Such an appeal shall suspend the execution of the judgment in so far as the judgment relates to the ... divorce.” [Emphasis added].
Sherril is entitled to alimony penden-te lite until Ralph’s appeal of the divorce has been decided or dismissed. Olson v. Olson, 519 So.2d 828 (La.App. 4 Cir.1988); Martinez v. Martinez, 503 So.2d 544, 547 (La.App. 4 Cir.1987). Sherril’s entitlement is absolute and not affected by the merits of the appeal, nor by the fact that the ultimate outcome of the divorce does not appear in doubt. Cassidy v. Cassidy, 477 So.2d 84, 85 (La.1985); Napoli v. Napoli, 543 So.2d 98, 100 (La.App. 1 Cir.1989).
*1287 Ralph’s contention that the divorce when finalized will retroactively deprive Sherril of her right to alimony pendente lite pending this appeal is without merit. None of the authorities cited by Mr. Zatzkis support that contention. In Gitschlag v. Gitschlag, 593 So.2d 1331 (La.App. 1 Cir.1991), the trial court found that the wife was free from fault. The appellate court reversed the trial court’s finding on the issue of fault. The husband was entitled to recover all alimony based upon the erroneous ruling of the trial court because the wife was not entitled to the alimony from the outset. In this case Sherril was entitled to alimony pendente lite from the outset regardless of the outcome of the divorce. Fault is not an issue; neither is the question of whether the final divorce will be granted, as in this ease. Only if this court were to find that Sherril had never been entitled to alimony pendente lite could there be a retroactive effect. Once she establishes an entitlement to alimony pendente'lite, that entitlement continues while the divorce is on appeal and is in no way contingent upon the outcome of that appeal.
Similarly, Nunnally v. Nunnally, 571 So.2d 874 (La.Ap. 3 Cir.1990), stands for the proposition that a determination that the award of permanent alimony was excessive is retroactive to the date of filing of the motion to reduce (except where vested property rights might be affected). Nunnally has no bearing on the question of a spouse’s right to alimony pendente lite pending an appeal. The same can be said of Hogan v. Hogan, 549 So.2d 267 (La.1989), which is also cited by Ralph.
Based on LSA-C.C.P. art. 2088, Ralph argues that:
“The lower court signed an order on September 28, 1992, amending the Motion and Order for Appeal so as to dismiss the appeal as to the divorce. Appellant did not appeal or seek supervisory writs as to the September 28th Order, the Order became final, and any appeal as to the divorce was dismissed.”
LSA-C.C.P. art. 2088 stands for the opposite. Once Ralph’s order of appeal was granted the trial court no longer had juris- * diction to amend Ralph’s Motion and Order for Appeal for purposes of dismissing the divorce.
Therefore, the trial court’s dismissal of the appeal as to the divorce is an absolute nullity apparent from the face of the record and may be urged at any time and before any court in which the order is sought to be enforced. LSA-C.C.P. art. 2002(3). It is sufficient that the nullity is absolute, that it is patent on the face of the record, and that Sherril has raised the issue in her brief for this court to refuse to give effect to such a null order. Succession of Schulz, 622 So.2d 693 (La.App. 4 Cir.1993). Even if the order of partial dismissal of the trial court relating to the divorce issue were not an absolute nullity, Ralph is barred by the order of this Court dated October 19,1992 in case No. 92-CA-2302 in which this court denied Ralph’s motion and order for partial dismissal of appeal, effectively overruling any orders of the trial court to the contrary. As it was Ralph who filed that motion and order of partial dismissal, he should have no procedural objection to this Court having acted on it, even though this Court ruled against him.
Ralph argues that his position is supported by public policy:
1). It discourages alimony paying spouses from taking frivolous appeals; and
2). It does not allow a meritless, unjust or incorrect support award to stand in the interim simply because there was a suspensive appeal.
Both arguments are inapposite. In the instant case Sherril is not the alimony paying spouse and she did not take the appeal that had the effect of suspending the judgment of divorce. It cannot be argued that Sherril appealed for frivolous or improper purposes since Ralph filed the appeal. Nor was the original support award meritless or unjust. Cases involving awards of support that were totally meritless from inception have no bearing on this case. The retroactive recision of such awards is no different from any other award by a lower court that is later overturned by a higher court where a determination is made that there was never any entitlement to such an award. In this case there is no question that the original award of alimo *1288 ny pendente lite was proper. Sherril’s right to receive alimony pending Ralph’s appeal is not contingent upon the merits of the appeal, even where it seems obvious that the divorce is inevitable.
Sherril’s contention that Ralph should be adjudged guilty of contempt is without merit. Ralph reasonably relied upon the refusal of the trial court, albeit clearly erroneous, to award alimony pendente lite pending this appeal when he refused to pay alimony pendente lite pending this appeal. For the same reason we hold that Sherril is not entitled to attorney’s fees and costs on this issue pursuant to LSA-R.S. 9:375 as Ralph was neither arbitrary nor capricious, but had “good cause” for not paying within the in-tendment of that statute. Harris v. Harris, 505 So.2d 835 (La.App. 2 Cir.1987); Conner v. Conner, 499 So.2d 312 (La.App. 1 Cir.1986), writ not considered 503 So.2d 8 (La.1987), writ denied 504 So.2d 869 (La.1987).
For the foregoing reasons the decision of the trial court denying Sherril Zatzkis alimony pendente lite pending this appeal is reversed. It is hereby ordered that Ralph Zatzkis pay alimony pendente lite to Sherril Herman Zatzkis in the sum of $2,800 per month as established by the consent judgment of November 27,1989 through the date of this opinion subject to credit for any payments Ralph Zatzkis may have made during that time.
REVERSED.