644 So.2d 1125 (1994)
Harold M. WHEELAHAN, III
v.
Marguerite Vicknair WHEELAHAN.
No. 93-CA-1964.
Court of Appeal of Louisiana, Fourth Circuit.
October 27, 1994.
*1126 Paula A. Perrone, New Orleans, for appellee.
Terence L. Hauver, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, for appellant.
Before KLEES, CIACCIO, LOBRANO, ARMSTRONG and WALTZER, JJ.
LOBRANO, Judge.
The issue in this appeal is as follows. Does a definitive judgment of divorce terminate alimony pendente lite obligations even though the issue of fault, decided in the separation proceedings, is still viable on appeal.
The facts precipitating this issue are as follows. Harold Wheelahan (Harold) filed a petition for separation on July 7, 1987. Marguerite Vicknair Wheelahan (Marguerite) was awarded alimony pendente lite on March 8, 1988, retroactive to July 30, 1987, the date she filed a rule for same.
On June 3, 1988, Harold filed a petition for divorce based on living separate and apart in excess of one year. Marguerite answered the divorce petition but did not request permanent alimony. Meanwhile, the fault issue was decided in the separation proceedings with the trial court holding both parties at fault in a judgment of separation rendered July 1, 1988. In the divorce suit, a judgment of divorce based on living separate and apart for one year was rendered September 22, 1988.
The judgment of separation was appealed to this court, which affirmed the trial court. The Louisiana Supreme Court denied Marguerite's writ application on April 20, 1990. The judgment of divorce was not appealed and it became definitive on October 31, 1988.[1] Upon the advice of counsel Harold discontinued paying alimony pendente lite when the divorce became definitive. On December 7, 1988, Marguerite filed a contempt rule and sought a judgment for the arrearages on past due alimony pendente lite. On May 21, 1990, the trial court made the rule absolute and awarded Marguerite $26,672.00 in arrearages for alimony pendente lite due from the date the divorce became definitive (October 31, 1988) until the Supreme Court denied writs in the separation proceeding, April 20, 1990.
Harold perfects this appeal. He argues, first, that when the divorce judgment became definitive, his obligation to pay alimony pendente lite ceased since the marriage was *1127 terminated. Second, he argues that if in fact the obligation to pay alimony pendente lite continued after the divorce decree became definitive, then he is entitled to a credit against any amount owed because the finding of mutual fault was affirmed on appeal. He argues that the affirmation on appeal is retroactive to the date of the divorce and thus the amount owed is offset by an equal amount in credits.
Marguerite takes the position that even though the divorce became definitive the obligation to pay alimony pendente lite continued until final disposition of the fault issue in the separation proceedings. That is, she argues public policy and a literal reading of Civil Code Article 148, as it existed at the time these proceedings were instituted, permits a trial judge the discretion to award alimony pendente lite beyond the date of divorce as long as fault is being litigated in a separate separation proceedings. In support, she cites Cassidy v. Cassidy, 477 So.2d 84 (La.1985), Olson v. Olson, 519 So.2d 828 (La.App. 4th Cir.1988) and Martinez v. Martinez, 503 So.2d 544 (La.App. 4th Cir.1987).
For the following reasons we hold that once the judgment of divorce became definitive, the obligation to pay alimony pendente lite ceased.
Civil Code Article 148, the predecessor to Article 111, provided that "if the wife has not sufficient income for her maintenance pending suit for separation from bed and board or for divorce" the judge shall award alimony pendente lite. Marguerite focuses on the phrase "separation ... or divorce" contending that if either is still pending, alimony pendente lite continues. We disagree with this narrow reading of the article.
With the adoption of no fault divorce, and the complete revision of the divorce provisions of the Civil Code by La. Acts 1990, No. 1009, the necessity of a suit for separation from bed and board became extinct. Consistent with that revision, Article 148 was reenacted as Article 111 which now provides that alimony pendente lite may be awarded "pending suit for divorce." Obviously, there was no longer a need to refer to separation proceedings. However, whether considering the language of previous Article 148 or current Article 111, the Civil Code was, and is consistent that divorce terminates a marriage, but a separation from bed and board does not. See, former Civil Code Article 136, now replaced by Article 101. Thus where there was a final judgment of separation, but no final divorce, the marriage continued and so did the reciprocal support obligations. The wording of former Article 148 was necessitated by these principles and the fact that in a majority of domestic cases, separation proceedings preceded the divorce action. Article 148's use of the word "or" cannot be interpreted to give the trial judge the discretion to extend alimony pendente lite beyond the existence of the marriage.
In Cassidy v. Cassidy, supra, our Supreme Court made clear that alimony pendente lite arises from the obligation of one spouse to support the other during the pendency of the marriage and continues until the marriage terminates. Hence, where a separation decree and a divorce decree were appealed,[2] the court held that "[a]limony pendente lite should continue during the pendency of an appeal until the divorce judgment becomes definitive." Cassidy at 85. The court reasoned that because a "marriage continues during the appeal of a divorce judgment, so does the obligation of care and support." Id.
In Martinez v. Martinez, supra, we reached the same result as Cassidy, although we unfortunately misinterpreted the Cassidy facts which resulted in confusing dicta relied on by Marguerite. In Martinez, the husband appealed the separation judgment which found his wife free of fault, and the wife appealed the divorce judgment. Both suits were heard on the same day and both judgments rendered the same date. One of the issues on appeal was whether the wife's appeal of the divorce was frivolous and entered solely to continue alimony pendente lite payments. Citing, inter alia, Cassidy we stated that alimony pendente lite would continue *1128 until final disposition of the fault issue raised in the separation proceedings. In making that statement, however, we misinterpreted the facts in Cassidy because we commented that there was no appeal from the divorce in Cassidy, and that was incorrect. The divorce decree in Cassidy was appealed, and because it (the appeal) prevented a definitive judgment, alimony pendente lite continued.
That statement made in Martinez is dicta, was a misinterpretation of the Cassidy facts and was totally unnecessary because the Martinez marriage had not terminated since the divorce decree was appealed and not yet definitive. Thus, the result in Martinez is correct. The misinterpretation in Martinez, unfortunately, was carried forward in Olson v. Olson, supra, decided a year later. In Olson, the same dicta was reiterated, although totally unnecessary since both the divorce, as well as the separation, were appealed. Thus, again the marriage had not yet terminated and it was correct for the court to conclude that alimony pendente lite continued.
The thrust of Cassidy is that alimony pendente lite continues until a divorce is definitive and the marriage terminates. Martinez and Olson reached the correct result espoused in Cassidy because in both of those cases the divorce was appealed and thus the marriage had not yet terminated. The dicta that alimony pendente lite continues until fault is determined is incorrect. Fault plays no role in the award of alimony pendente lite, only the continued existence of the marriage.
This court reaches the conclusion that permeating throughout the jurisprudence dealing with alimony pendente lite is the idea that it is a support obligation intended to maintain the status quo between spouses until the marriage terminates. Once the marriage terminates, the necessity of preserving the status quo ceases and the permanent support provisions of Civil Code Article 112 (former Article 160) become applicable. Thus, in the instant case, when the divorce became definitive, the marriage terminated and the obligation to pay alimony pendente lite ceased. The fact that the fault issue, decided in the separation proceedings, was appealed does not continue the pendente lite obligation.
Accordingly, we reverse the judgment of the trial court and hold that the obligation to pay alimony pendente lite ceased when the Wheelahan's divorce became definitive.
REVERSED AND RENDERED.
ARMSTRONG, Judge, dissents with reasons.
I respectfully dissent because I view the Olson and Martinez decisions differently than does the majority. These two cases state that alimony pendente lite continues until appeals are concluded as to issues of fault and I believe that those statements are holdings and not mere dicta.
In Olson, there was a February 26, 1986 judgment denying separation and divorce accompanied by findings as to lack of fault; a new March 6, 1986 petition for divorce based on living separate and apart (i.e., no fault divorce); and a June 11, 1986 judgment of divorce. Thus, in Olson, as in the present case, there were separate judgments as to separation/fault and divorce. The husband appealed the separation/fault judgment. The wife appealed the judgment of divorce. The husband dismissed his appeal of the separation/fault judgment but the wife's appeal of the divorce continued. The wife argued that alimony pendente lite continued until both the appeal of the separation/fault judgment and the appeal of the divorce were concluded. The Olson court disagreed with the wife and held that alimony pendente lite ended when the husband dismissed his appeal of the separation/fault judgment notwithstanding that the wife's appeal of the divorce judgment was still pending: "The jurisprudence is well established that a spouse is entitled to alimony pendente lite pending a final [definitive] determination of the fault question". 519 So.2d at 829 (emphasis added). In support of the just quoted statement, the Olson court cited, not only Martinez and Cassidy, but also Taddonio v. Kinney-Taddonio, 431 So.2d 412 (La.1983), and Bateman v. Larson, 452 So.2d 184 (La.App. 4th Cir.1984). As the issue in Olson was *1129 whether alimony pendente lite continued only until the conclusion of the separation/fault appeal, or instead continued until the conclusion of the divorce appeal, I believe that the above-quoted statement from Olson was necessary to the disposition in that case and was a holding of that case.
In Martinez, the husband appealed a judgment of separation that had found his wife free from fault. The wife appealed a judgment of divorce that had been based upon living separate and apart (i.e., no fault divorce). The husband, apparently believing that alimony pendente lite ceases when a divorce judgment becomes definitive, argued that the wife's appeal of the divorce was frivolous and taken solely to continue alimony pendente lite. The wife, like the wife in Olson, argued that alimony pendente lite should continue until both her appeal of the divorce judgment and the husband's appeal of the separation/fault judgment were concluded. The Martinez court agreed with neither the husband nor the wife and held:
In our case, considering that the husband has appealed the wife's freedom from fault, the wife's appeal of the divorce has had no effect insofar as alimony pendente lite is concerned because the husband must pay alimony pendente lite until final determination of the fault question.
Martinez v. Martinez, 503 So.2d 544, 547 (La.App. 4th Cir.1987). Like the Olson court, the Martinez court relied, not only on Cassidy, but also on Taddonio (which the Martinez opinion discusses in depth) and Bateman. As the issue in Martinez was whether the wife's appeal of the divorce had been taken solely to continue alimony pendente lite, the above-quoted statement in that case that the wife's appeal of the divorce had not continued alimony pendente lite, (because alimony pendente lite continued so long as the fault issue not the divorce issue was on appeal), was necessary to the disposition in that case and was a holding of that case.
In cases like Olson and the present case, in which there are separate judgments of separation/fault and divorce rendered some time apart, the Cassidy decision does not really give any guidance as to when alimony pendente lite ceases. That is because, as foot-note 2 of the majority opinion points out there was in Cassidy a single judgment, deciding both separation/fault and the divorce, and that single judgment was the subject of a single appeal. The Cassidy court simply did not address the issue of whether an appeal of a separation/fault judgment, with no appeal of a separate divorce judgment, would continue alimony pendente lite. Further, the actual situation in the Cassidy case was that only the separation/fault determination portion of the judgment, not the divorce, was appealed. "Mrs. Cassidy devolutively appealed the judgment finding her at fault in the separation." Cassidy, 477 So.2d at 84. And, the Cassidy court held that Mrs. Cassidy's appeal, which was only as to the separation/fault determination, continued alimony pendente lite.
Mrs. Cassidy's appeal kept alive her demand for alimony; if, on appeal, she had been found not at fault, she had a right to alimony; there was no "final determination" of the litigation until the finality of the judgment on appeal. The litigation between the Cassidy's was still pending' as long as suit was pending Mr. Cassidy should have continued paying Mrs. Cassidy alimony pendente lite until death or a definitive resolution of the divorce litigation.
Cassidy, 477 So.2d at 86. At first, one might interpret the phrase "the divorce litigation" at the end of the above-quoted passage to exclude an appeal of a separation/fault judgment. But, as the only appeal in Cassidy was as to the separation/fault determination, and Mrs. Cassidy was held to be entitled to alimony pendente lite during the appeal, I am not persuaded by that interpretation. Perhaps Cassidy means that alimony pendente lite continues until all litigation between the spouses is concludedi.e. both litigation as to separation/fault and litigation as to divorce itself (although such a rule seems to have been squarely rejected in both Martinez and Olson). At the least, Cassidy is consistent with the notion that an appeal of a separation/fault determination will continue alimony pendente lite because alimony pendente lite was held to have continued during the appeal in Cassidy and all that was appealed in Cassidy was separation/fault.
The somewhat peculiar situation of alimony pendente lite continuing after a divorce *1130 becomes definitive arises because one can obtain a no-fault divorce pursuant to Civil Code Article 103(1) (formerly La.R.S. 9:301) with no prior judgment of separation and, of course, with no issues as to fault or alimony pendente lite, while at the same time there may be pending a different proceeding for separation which involves issues of fault and alimony pendente lite. Such a situation, which is the situation in the present case, is discussed in one treatise.
A problem is presented under this [alimony] statute when there has been a fault determination in a separation judgment or divorce [judgment] that has been appealed suspensively. [Former] La.R.S. 9:302 [now repealed] provides that when a separation judgment is appealed, that judgment must be final [definitive] before the divorce can be sought. There is no such requirement in [former] La.R.S. 9:301 [now Civil Code Article 103(1)], so a divorce petition can be filed and judgment rendered although the judgment of separation has been appealed suspensively. In that event, however, the obligor spouse must continue to make alimony pendente lite payments until the fault issue becomes final on appeal although the parties are divorced.

Lowe, Louisiana Divorce, § 1:49 at 1-66 (1991) (emphasis added).
Thus, in view of the Olson and Martinez decisions, I would affirm the trial court's judgment.
NOTES
[1] Code of Civil Procedure Article 3942 provides that an appeal from a judgment of divorce suspends its execution. Thus, failure to timely appeal renders the judgment definitive.
[2] Both the separation and divorce decree were entered in the same judgment, which was the subject of the appeal before the Supreme Court.