650 So.2d 347 (1995)
Frank J. CRIFASI
v.
Peggy Miramon CRIFASI.
No. 94-CA-0962.
Court of Appeal of Louisiana, Fourth Circuit.
January 19, 1995.
Rehearing Denied March 14, 1995.
*348 William J. Dutel and Richard R. Schulze, New Orleans, for plaintiff/appellee.
Floyd J. Reed, Reed & Reed, New Orleans, for defendant/appellant.
Before BYRNES, WARD and JONES, JJ.
JONES, Judge.
Appellant, Peggy Crifasi appeals judgments of the trial court granting Frank J. Crifasi a divorce and terminating her alimony pendente lite payments. Appellee, Frank J. Crifasi answered the appeal and seeks damages and attorneys fees for a frivolous appeal.

FACTS
Appellee, Frank J. Crifasi and appellant, Peggy Miramon Crifasi commenced living together in 1989. They subsequently married on November 9, 1990. The marriage was marked by numerous instances of the appellant leaving the matrimonial domicile. In either October or November, 1991, the parties physically separated for the final time.
In March, 1992 appellee filed a petition in St. Bernard Parish seeking a divorce from the appellant pursuant to the provisions of La.C.C. 102. Because the appellee did not have a current address for the appellant, the petition contained a request to withhold service until the defendant could be located. In November, 1992, appellant filed a petition in Orleans Parish seeking a divorce from the appellee pursuant to the provisions of La.C.C. 103(1). Following a resolution of venue problems, the case was ultimately tried in St. Bernard Parish.
During the pendency of the divorce proceedings appellant filed a motion seeking alimony pendente lite and a motion to proceed in forma pauperis. By judgment dated June 18, 1993, appellee was ordered to pay appellant alimony pendente lite in the sum of $1,000 per month retroactive to April 7, 1993. Subsequently, appellant also filed a rule alleging that she was free from fault in the cause of the breakup of the marriage and that she was entitled to permanent alimony. Appellee opposed the rule for alimony alleging that appellant was guilty of adultery, in particular that on the evening of December 21, 1992 at 4153 Toulouse Street, a man not her husband had spent the night at her house and that at this time the parties were "still married, separated, but not divorced."
By judgment dated August 6, 1993, the trial court granted appellee a divorce from the appellant. By judgment dated August 12, 1993, the trial court decreed that the sole fault for dissolution of the marriage was assessed to appellant and terminated alimony pendente lite as of August 6, 1993.
Appellant appeals both judgments of the trial court. However, although appellant appeals the judgment of divorce, no argument is made as to why the trial court erred in granting the divorce. Rather, the appellant briefs and argues only two assignments of errors, both related to the judgment assessing sole fault for the break up of the marriage to the appellant and terminating alimony pendente lite. For the reasons herein given, we affirm the judgment of the trial court granting the divorce. We also affirm that portion of the judgment rendered by the trial court finding the appellant to be at fault for the dissolution of the marriage. However, we reverse that portion of the judgment terminating the appellant's rights to alimony pendente lite as of the date of the divorce judgment.

*349 DISCUSSION AND LAW

In the first assignment of error appellant argues the trial court erred in ordering the termination of the alimony pendente lite previously adjudicated to the appellant.
Appellant argues that since the judgment of divorce is not final, she is entitled to receive alimony pendente lite pending a final decision of the divorce judgment. However, appellee argues that since the appellant neither briefed nor argued the issue of whether the trial court erred in granting the divorce, that issue is considered abandoned and the judgment granting the divorce is final. Because the divorce is final, appellee argues that the trial court did not err in ordering termination of pendente lite effective the date the divorce judgment was granted by the trial court.
Because the appellant failed to brief or argue the issue of the validity of the divorce we consider that issue abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4. However, the fact that the divorce is now final does not dictate a finding that the trial court correctly terminated alimony pendente lite on the date the court found that appellant was at fault for the dissolution of the marriage.
The issue of whether alimony pendente lite should be terminated when a divorce becomes final, even though the issue of fault is still being litigated was addressed in Cassidy v. Cassidy, 477 So.2d 84 (La.1985). The husband in Cassidy initially filed for a separation based on cruel treatment, but later amended his petition to request a divorce based on living separate and apart from his wife for one year. During the pendency of the proceedings the wife sought and was granted temporary alimony. Following a trial on the merits, the trial court granted a separation based on mutual fault and a divorce based on the fact that the couple had lived separate and apart for one year. The judgment specifically precluded the wife from receiving permanent alimony. The wife appealed the judgment finding her at fault in the separation. However, neither the husband nor wife appealed the granting of the divorce. Meanwhile, the husband ceased paying temporary alimony and the trial court denied the wife's request to order the husband to continue paying the temporary alimony. The Supreme court reversed the ruling of the district court refusing to compel the payment of alimony pendente lite and remanded the case to the district court for a determination of the proper amount of alimony pendente lite which the husband should pay.
In Cassidy, supra at 86-87 (Blanche, J., dissenting), one of the dissenting Judges opined that pursuant to La.C.C.P. art. 3942[1] the effect of a judgment related to alimony could only be suspended when the appeal questioned the validity of the divorce itself. For this reason, the dissenter opined that since Mrs. Cassidy only appealed the judgment denying permanent alimony, the effect of the divorce judgment was not suspended. Therefore, the divorce had become final, thus terminating the obligation of support and consequently the award of alimony pendente lite.
However, in reaching the conclusion that the husband was required to continue paying temporary alimony, Chief Justice Dixon, writing for the majority reasoned:
Mrs. Cassidy's appeal kept alive her demand for alimony; if, on appeal, she had been found not at fault, she had a right to permanent alimony; there was no "final determination" of the litigation until the finality of the judgment on appeal. The litigation between the Cassidys was still pending; as long as suit was pending Mr. Cassidy should have continued paying Mrs. Cassidy alimony pendente lite until death *350 or a definitive resolution of the divorce litigation. (emphasis added)
Cassidy, supra at 86.
Inasmuch as the divorce judgment in Cassidy was not appealed, the divorce judgment which had been rendered by the trial court clearly constituted a definitive resolution of the divorce issue. However, the court apparently considered the judgment of separation wherein the trial court found Mrs. Cassidy at fault as part of the "divorce litigation".
Citing Cassidy, this court has consistently held that pending a final determination on the issue of fault, the spouse is entitled to alimony pendente lite. Martinez v. Martinez, 503 So.2d 544 (La.App. 4th Cir.1987), Olson v. Olson, 519 So.2d 828 (La.App. 4th Cir.1988).[2]
In light of the fact that actions for separations have virtually been eliminated and divorce proceedings streamlined, the need for providing alimony pendente lite pending a trial on the issue of fault is no longer pressing. In most cases, no good reasons exist for not trying the issues contemporaneously. Further, given the vast discretion trial judges have in determining fault, we believe the Supreme Court should revisit the issue of whether a spouse must continue to pay alimony pendente lite when a no fault divorce has been granted, but the spouse receiving alimony has been found to be at fault by the trial court. The inequities attendant to requiring the continued payment of alimony pending a final resolution of the fault question are particularly highlighted in cases like the instant case wherein the appellant is proceeding in forma pauperis. However, until such time as the Louisiana Supreme Court and/or the Louisiana Legislature overrules Cassidy, we are bound to follow the rule of law enunciated therein.
In her second assignment of error, appellant argues the trial court was clearly wrong and abused its discretion when it found "the sole fault for dissolution of this marriage is assessed to Peggy Crifasi". Appellant contends that this finding was contrary to the evidence and the law.
Determination of fault is a factual question, and the findings of the trial court on that issue will not be disturbed absent manifest error. Pearce v. Pearce, 348 So.2d 75 (La.1977); Martinez v. Martinez, supra at 545. Our examination of the record indicates that the trial judge's finding that the wife was at fault is supported by the evidence.
Appellee alleged that appellant was not free from fault in the break up of the marriage for several reasons. First, he averred that appellant was guilty of cruel treatment and that she had abandoned him. Next, he averred that appellant was not free from fault because she had committed adultery.
While it is true that the appellee alleged and submitted evidence tending to support a finding that the appellant may have been guilty of post-separation adultery, the trial court did not specifically find that the appellant was guilty of adultery. Rather, in its reasons for judgment, the trial court summarized the evidence supporting a finding that the wife was at fault as follows:
Frank and Peggy Crifasi's marriage was apparently troubled from the start. Both were users of illegal drugs, with cocaine being the intoxicant of choice. Peggy Crifasi admittedly was the more habitual abuser and has been in an (sic) out of treatment for her addiction. The court heard conflicting testimony from the parties and their witnesses but finds Mr. Crifasi the most credible. Peggy Crifasi's testimony was inconsistent, and she was caught in several non-representations and non-statements of fact which she admitted only when faced with evidence of their falsity. For example she vigorously denied ever having Mr. O'Rourke stay overnight at her apartment until confronted with a surveillance tape showing that very thing. She denies (sic) living with O'Rourke until presented with an accident report wherein she was a passenger in her own car, driven by O'Rourke. The (sic) both listed their address as 212 N. Alexander. *351 She then admitted giving the address but said she didn't actually live there. Her witness O'Rourke was likewise caught in a lie when he denied ever staying overnight with Peggy Crifasi; his story quickly changed when the videotape was presented. The court finds both of them not credible. Mr. Crifasi testified that Peggy Crifasi would leave their house for days, weeks and on at least one occasion months at a time to search for drugs and use them with her friends.
The court finds then that her behavior with O'Rourke, her continued drug abuse, and her constant abandonment of her husband all contributed to the destruction of the marriage and therefore assess (sic) fault to Peggy Crifasi. As a result, her alimony pendente lite is terminated as of August 6, 1993; and she is barred from receiving permanent alimony.
The above reasons clearly demonstrate that the trial court did not base its finding of fault on the appellant's alleged adultery. Instead, he assessed fault for the break up of the marriage to the appellant for three reasons 1) her behavior with Mr. O'Rourke, 2) her continued drug use, and 3) her repeated abandonment of her husband. For this reason, it is not necessary for this court to decide whether the evidence was sufficient to establish that the appellant had committed adultery. Rather, this court must determine whether the evidence supports the trial judge's findings that appellant's behavior with Mr. O'Rourke, her continued drug use, and her repeated abandonment of her husband caused the break-up of the marriage.
Our review of the evidence reveals that the finding of fault is supported by the testimony of the parties. In addition to the testimony referred to by the judge, we note that portions of the appellant's testimony also support a finding of repeated abandonment. Appellant admitted that she was the person who left the matrimonial domicile. Nevertheless, she alleged that the appellee asked her to leave because he was repulsed by her appearance after she had some surgery and did not want to maintain a sexual relationship with her. Appellee denied asking the appellant to leave and testified that he and the appellant had a satisfactory sexual relationship after her surgery. Moreover, appellee's efforts to find appellant and seek reconciliation were totally inconsistent with a desire to terminate the marriage. Since the trial judge specifically determined that the appellee was a more credible witness than the appellant, he apparently believed the appellee's testimony. Based on these credibility determinations, we cannot say the trial court committed manifest error in finding that the appellant abandoned the appellee.
Appellant further contends that because the trial court specifically found that the husband and wife were both cocaine addicts, the finding that the wife's behavior was "the sole fault for dissolution of this marriage..." was erroneous. Appellant reasons that because the parties were both drug users during the marriage, mutual fault existed, therefore, the wife was not precluded from receiving permanent alimony. Appellant argues that the evidence demonstrated that appellee continued to supply her with drugs and that he was basically responsible for her drug habit. Appellee denied continuing to supply the appellant with drugs. The only person who corroborated appellant's testimony that the appellee had supplied the appellant with drugs on at least one occasion after the breakup of the marriage was O'Rourke, the alleged paramour. However, as stated earlier the court found numerous inconsistencies in the testimony of both the appellant and O'Rourke and concluded that their testimony was not credible. For this reason, the court apparently did not find the testimony of those witnesses to be credible on this issue.
The evidence clearly supports a finding that both parties engaged in heavy drug use during the course of the marriage. Thus, appellant was not the sole cause of the deterioration of the marriage. Rather, appellee was also at fault because of his drug use. However, in order for the appellee to be at fault legally for the breakup of the marriage, his fault must be of a nature serious enough to be considered an independent contributory cause of the breakup of the marriage. The appellee's drug use was neither an actual, independent, contributory or proximate cause *352 of the separation and/or divorce. At the time that the break up occurred, the appellee was no longer using drugs. Moreover, even when he was a habitual drug user, his drug usage did not appear to contribute to the break up of the marriage. Indeed, appellant admitted that when appellee stopped using drugs and she was still continuing to use drugs, she felt resentful toward him. Such resentment does not appear to have existed as long as both parties were using drugs. In this respect, this case is distinguishable from Rittner v. Rittner wherein the alcoholic wife was found to be free from fault in a situation where her husband continued to drink with her and where the parties encouraged and supported each other's heavy drinking. As the party seeking alimony, appellant had the burden of proving she was without fault in causing the dissolution of the marriage. Skannal v. Skannal, 25467, 26030 (La.App. 2d Cir. 1/19/94; 631 So.2d 558,560, citing Green v. Green, 567 So.2d 139 (La.App. 2d Cir.1990). Appellant failed to prove she was free from fault and is barred from receiving permanent alimony.
The final issue in this appeal is whether the appellee is entitled to damages and attorneys fees against the appellant pursuant to La.C.C.P. art. 2164 for the taking of a frivolous appeal in that the appeal was taken solely for the purposes of delay.
Although appellant did not prevail on the issue of whether she was entitled to receive permanent alimony, she did prevail on the issue of entitlement to the continued payment of alimony pendente lite. Since the appellant had a legitimate basis for taking the appeal, the appeal was not frivolous. Consequently, we decline to assess damages and or attorneys fees for the taking of a frivolous appeal.
For the reasons herein given, we affirm the judgment of the trial court granting the divorce. We also affirm that portion of the judgment rendered by the trial court finding the appellant to be at fault for the dissolution of the marriage. That portion of the judgment terminating the appellant's rights to alimony pendente lite as of the date of the divorce judgment is reversed.
AFFIRMED IN PART AND REVERSED IN PART.
BYRNES, J., concurs with reasons.
BYRNES, Judge, concurring with reasons.
I agree with the result reached by the majority. I disagree with the dicta recommending that Cassidy be overruled. The majority makes that recommendation "[i]n light of the fact that actions for separations have virtually been eliminated and divorce proceedings streamlined, the need for providing alimony pendente lite pending a trial on the issue of fault is no longer pressing." I see no need to overrule Cassidy. In any event, because divorce proceedings have been streamlined any need to overrule Cassidy "is no longer pressing."
NOTES
[1] At the time that Cassidy was rendered La. C.C.P. art. 3942 provided:

An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1)-(3).
Such an appeal shall suspend the execution of the judgment in so far as the judgment relates to the annulment, separation, or divorce. (emphasis added)
[2] For a contra position see Williams v. Williams, 541 So.2d 928 (La.App. 5th Cir.1989) wherein the court held that alimony pendent lite should be stopped at the time of the divorce, even if a fault finding was pending.