665 So.2d 1229 (1995)
Joseph R. LACOSTE, Jr.
v.
Lorraine Metzler LACOSTE.
No. 95-C-2122.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1995.
Writ Granted February 16, 1996.
*1230 Robert Charles Lowe, Steven Anthony Giaviano, David N. Prados, Lowe, Stein, Hoffman, Allweiss & Hawyer, New Orleans, for relator.
Darleen Marie Jacobs, A Professional Law Corporation, New Orleans, for respondent.
Before BYRNES, CIACCIO, PLOTKIN, WALTZER and MURRAY, JJ.
BYRNES, Judge.
The relator, Mr. Lacoste applied to this Court for writs to review a ruling by the trial court requiring him to pay post divorce alimony pendente lite pending a determination of the question of fault.
The parties were married on January 6, 1990 and have no children. Mr. Lacoste filed a petition for divorce on August 8, 1994, alleging that the spouses lived apart for 180 days. Mrs. Lacoste filed a similar petition for divorce on August 16, 1994, alleging that she was free from fault, and requesting alimony pendente lite of $15,000/month. On October 21, 1994, the parties entered into a consent judgment setting alimony pendente lite of $2,625/month from judicial demand, allowing Mrs. Lacoste to receive rental payments, use and occupancy of 6733-35 Louisville St., and making the wife responsible for all routine costs and expenses related to that property.
A judgment of divorce was granted on the husband's rule to show cause on June 14, 1995. The judgment provided: "The fault issue is pretermitted." The wife filed a rule to make past due alimony pendente lite (for June, July and August 1995) executory, which was granted on September 22, 1995. Mr. Lacoste seeks our review of that order.
The judgment granting the divorce has been appealed by neither party. The right to alimony pendente lite terminates when the divorce becomes final and definitive. Cassidy v. Cassidy, 477 So.2d 84 (La. 1985) and Wheelahan v. Wheelahan, 93-1964, p. 4-5 (La.App. 4 Cir. 10/27/94), 644 So.2d 1125, 1127-28, writ denied, 94-2896 (La. 2/17/94), 650 So.2d 252.
Mrs. Lacoste argues that her right to alimony pendente lite continues until the issue of fault has been disposed of. Mrs. Lacoste prevails only if this Court finds either: 1) that alimony pendente lite continues until there has been a final decision on the question of fault independent of the finality of the divorce judgment; or 2) that a judgment of divorce cannot be considered final and definitive until the question of fault has been resolved. We find neither.
In Cassidy, 477 So.2d at 84, the Supreme Court set forth the facts:
After a trial on the merits, the trial court granted a separation based on mutual fault, and a divorce based on the couple living separately and apart for one year. This judgment precluded Mrs. Cassidy from receiving permanent alimony.
Mrs. Cassidy devolutively appealed the judgment finding her at fault in the separation.
The Cassidy court framed the issue succinctly at 477 So.2d at 85:
The single question before this court is should alimony pendente lite continue after a judgment of divorce but during an appeal of that judgment. Alimony pendente lite should continue during the *1231 pendency of an appeal until the divorce judgment becomes definitive. [Emphasis added.]
Note that the Cassidy court did not say that the single question was whether alimony pendente should continue pending a final determination of the question of fault. Although Mrs. Cassidy did not technically appeal the divorce decision, the Supreme Court reasoned at 477 So.2d at 86 that her appeal of the separation had the effect of preventing the divorce from becoming final:
Although divorce does not require a period of separation, it would be anomalous to consider a couple divorced when their separation is still being contested. Hill v. Hill, 114 La. 117, 38 So. 77 (1905). If such a practice were allowed, an appellate court might find itself denying a separation to couple that is already divorced. [Emphasis added.]
Thus in Cassidy the court's decision to award alimony pendente lite was based on the fact that pending the appeal of the separation the divorce could not be considered final. It was this lack of finality of the divorce, not the question of fault that gave rise to the right to alimony pendente lite in Cassidy. This is consistent with Wheelahan, and, indeed, all cases from this circuit subsequent to Cassidy as well as the codal bases for the alimony pendente lite versus permanent alimony. Wheelahan, 644 So.2d at 1127, explains that: "With the adoption of no fault divorce and the complete revision of the divorce provisions of the Civil Code of La. Acts 1990, No. 1009, the necessity of a suit for separation from bed and board became extinct." Therefore, under the new divorce laws the separation loses its significance and can no longer suspend the finality of the divorce decree as it could at the time of the Cassidy decision. But the rationale of the Cassidy decision, i.e., that alimony pendente lite is due until the divorce is final and definitive still holds.
Alimony pendente lite is based on the marriage relationship and does not cease according to Cassidy "until death or a definitive resolution of the divorce litigation." [Emphasis added.] Alimony pendente lite is not fault based and cannot be denied to a spouse at fault. Therefore, the question of fault alone is not sufficient to keep the right to alimony pendente lite alive. It is only when fault litigation has been coupled with proceedings that prevented the finality of the divorce that it has appeared that alimony pendente lite was related to the question of fault. But that relationship is only coincidental and illusory.
Dicta from this Court in Crifasi v. Crifasi, 94-0962, p. 5-6 (La.App. 4 Cir. 1/19/95), 650 So.2d 347; Olson v. Olson, 519 So.2d 828 (La.App. 4 Cir.1988); and Martinez v. Martinez, 503 So.2d 544 (La.App. 4 Cir.1987) refer to the determination of fault, but the divorce was appealed in each of these cases. The Crifasi opinion commences with the statement by this Court that:
Appellant, Peggy Crifasi appeals judgments of the trial court granting Frank J. Crifasi a divorce ... [Emphasis added.]
The fact that the appeal of the divorce was deemed abandoned in Crifasi when the appeal was ultimately decided does not change the fact that the appeal of the divorce suspended its effect until this Court ruled on appeal that the appeal of the divorce had been abandoned. In Crifasi, 650 So.2d at 349, this Court refers to "the fact that the divorce is now final" meaning contemporaneous with the rendering of the opinion. Cf. Zatzkis v. Zatzkis, 629 So.2d 1285, 1286, writ denied 94-0159 (La. 6/24/94), 640 So.2d 1340, where neither party contested the divorce on appeal. This Court found that the divorce was part of the judgment that was appealed and, therefore, it was appealed when the judgment including it was appealed as a whole. This Court concluded that this entitled Mrs. Zatzkis to alimony pendente lite.
In Martinez this Court said at the outset that "the wife, Katherine De Montluzin Martinez, appeals the divorce." [Emphasis added.]
Likewise, in Olson this Court noted that "... the wife, Toni Watson Olson, appeals the divorce judgment." [Emphasis added.]
Thus the statements in Crifasi, Martinez, and Olson concerning the continuation of alimony pendente lite until final disposition of *1232 the fault question are best regarded as dicta, the better explanation being that the divorces were appealed. In Wheelahan the divorce was not appealed.
Crifasi, Martinez, and Olson all rely on Cassidy and must be interpreted with that in mind.
We are aware that the first and second circuits may not share this view. See Nungesser v. Nungesser, 558 So.2d 695 (La.App. 1 Cir.1990), writ denied 560 So.2d 30 (La. 1990); Wilson v. Brittain, 640 So.2d 261 (La.App. 1 Cir.1993); and Unkel v. Unkel, 26-650 (La.App. 2 Cir. 3/1/95), 651 So.2d 382. We feel that the better view based on a more thorough analysis of the issues has been expressed by this Court in Wheelahan and by the fifth circuit in Williams v. Williams, 541 So.2d 928 (La.App. 5 Cir.1989), writs denied 544 So.2d 384 (La.1989).
Additionally, we note that Nungesser may not be at variance with this decision. In Nungesser, 558 So.2d at 698 the court held that Mr. Nungesser was obligated to pay alimony pendente lite pending the appeal of the divorce: "Because the judgment of divorce was appealed and thus was not definitive, Mr. Nungesser's obligation to pay alimony pendente lite still existed." Mr. Nungesser also complained that he was required to continue to pay alimony pendente lite even after the appeal of the divorce had been dismissed. However, we infer from a careful reading of the case that the separation judgment was on appeal just as it was in Cassidy. In any event, Nungesser relies on Napoli v. Napoli, 543 So.2d 98 (La.App. 1 Cir.1989) which is both clear and consistent with this Court's opinion expressed in the instant case:
[Alimony pendente lite] arises from the obligation of one spouse to support the other during the pendency of the marriage. It does not depend on the merits of the suit for separation or divorce, or upon the actual or prospective outcome of the suit. However, once the marriage is terminated, the mutual obligation of support, which is the foundation of alimony pendente lite, no longer exists. As such, this support does not terminate until a final, or definitive, judgment of divorce. Before a divorce judgment becomes definitive, it can be suspensively appealed. La.Code Civ.Pro. art. 3942. Since the marriage continues during an appeal of a divorce judgment, so does the obligation of care and support. Cassidy v. Cassidy, 477 So.2d 84 (La.1985). Napoli, 543 So.2d at 100.
The Wilson case relied on Nungesser and is no more persuasive. The Unkel case relied on Miguez v. Miguez, 604 So.2d 1056 (La.App. 2 Cir.1992). This Court does not adopt the Miguez reading of Cassidy.
For the foregoing reasons, the trial court's rule granting alimony pendente lite following the judgment of divorce is reversed.
WRIT GRANTED; JUDGMENT REVERSED.
PLOTKIN, J., dissents.
PLOTKIN, Judge, dissenting.
I would grant the writ only to clarify and harmonize opinions from this Court regarding whether alimony pendente lite may continue until fault is fully adjudicated after a judgment of divorce becomes final. I dissent, however, because I respectfully disagree with this panel's interpretation of Cassidy v. Cassidy, 477 So.2d 84 (La.1985); Wheelahan v. Wheelahan, 93-1964 (La.App. 4th Cir. 10/27/94), 644 So.2d 1125; and Crifasi v. Crifasi, 94-0962 (La.App. 4th Cir. 1/19/95), 650 So.2d 347; and would ultimately deny the writ.
In Cassidy, supra, at 86, the Louisiana Supreme Court held that a payor spouse must continue to pay alimony pendente lite until a final determination of the divorce litigation. In Wheelahan, supra, at p. 4-5, 1127-28, a five judge panel of this Court with one dissenter applied Cassidy to hold that alimony pendente lite must terminate when the judgment of divorce becomes definitive regardless of the status of the fault adjudication. In Crifasi, supra, at p. 5-6, 349-50, a three judge panel of this Court applied Cassidy to hold that a payee spouse is entitled to receive alimony pendente lite until a final adjudication of the issue of fault despite a definitive divorce. This is a classic case of conflict within the circuit.
*1233 The majority of the panel suggests that these decisions can be carefully read to mean that when a judgment of divorce is appealed, alimony pendente lite may continue, but when a judgment of divorce becomes definitive, alimony pendente lite must cease regardless of the status of the fault adjudication. In favor of the majority's position is dicta in Cassidy, supra, at 85, in which the Louisiana Supreme Court stated that alimony pendente lite arises from the marital support obligation and, "As such, this support does not terminate until a final divorce." As is noted below, however, this dicta conflicts with the ultimate holding of Cassidy.
I am unconvinced of the majority's explanation of the apparent inconsistency in these decisions. In Cassidy, there was a single adjudication that both ended the marriage and assigned fault. This judgment was appealed devolutively and only the determination of fault was contested. The Louisiana Supreme Court found that the payor spouse's obligation to pay alimony pendente lite continued during this appeal stating,
Mrs. Cassidy's appeal kept alive her demand for alimony; if, on appeal, she had been found not at fault, she had a right to permanent alimony; there was no "final determination" of the litigation until the finality of the judgment on appeal. The litigation between the Cassidys was still pending; as long as suit was pending Mr. Cassidy should have continued paying Mrs. Cassidy alimony pendente lite until death or a definitive resolution of the divorce litigation.
Cassidy, supra, at 86. In Wheelahan, fault was adjudicated in a suit for separation and divorce was granted in a separate judgment. The judgment of separation was appealed but the judgment of divorce was not. This Court applied Cassidy to conclude that the definitive judgment of divorce precluded alimony pendente lite. Wheelahan, supra, at p. 2-4, 1127-28. In Crifasi, divorce was granted in one judgment, and fault was adjudicated in another six days later. Both judgments were appealed, although the appeal of the divorce was deemed abandoned because it was neither briefed nor argued. This Court applied Cassidy to find that alimony pendente lite should continue pending a final determination on the issue of fault. Crifasi, supra, at p. 5-6, 350.
The Cassidy decision clearly requires interpretation. As the majority notes, the Louisiana Supreme Court in Cassidy reasoned from the principle that alimony pendente lite arises from the marital support obligation, which obligation terminates with divorce. In Cassidy, however, only the issue of fault was presented for appellate review. Thus, in the context of what was for all practical purposes a final divorce, the Louisiana Supreme Court in Cassidy extended the obligation to pay alimony pendente lite beyond divorce until the issue of fault was fully adjudicated. This is the interpretation that has been given to Cassidy by the first and second circuits, but not the fifth. Compare Unkel v. Unkel, 26,650, p. 1 (La. App. 2d Cir. 3/1/95), 651 So.2d 382, 386 and Nungesser v. Nungesser, 558 So.2d 695, 698-700 (La.App. 1st Cir.), writ denied, 560 So.2d 30 (La.1990) with Williams v. Williams, 541 So.2d 928, 929-30 (La.App. 5th Cir.), writ denied, 544 So.2d 384 (La.1989). Prior to Wheelahan, this was also the interpretation given to Cassidy by this Court. See Olson v. Olson, 519 So.2d 828, 829 (La.App. 4th Cir. 1988); Martinez v. Martinez, 503 So.2d 544, 547 (La.App. 4th Cir.1987).
Louisiana Civil Code article 102 permits divorce by rule to show cause without proof of fault. See La.C.C. art. 102; see also La. C.C.P. art. 3952. The issue of fault remains relevant as a bar to permanent periodic alimony. La.C.C. art. 112(A)(1). The rule to show cause is not suited to the litigation of fault in marriage termination. Instead, the issue of fault is often resolved by ordinary process after divorce is granted by rule. See, e.g., Wilson v. Brittain, 640 So.2d 261, 261 (La.App. 1st Cir.1993). An "interim allowance," which would maintain the status quo while a claim for permanent alimony is pending even after a judgment of divorce becomes final, was proposed by the law institute as an integral part of the revision of the spousal support law, but was never enacted by the legislature. See Kenneth Rigby & Katherine Shaw Spaht, Louisiana's New Divorce *1234 Legislation: Background and Commentary, 54 La.L.Rev. 19, 39 (1993).
With Civil Code article 102, the legislature authorized persons to conduct their divorce litigation in separate proceedings, creating an equitable lacuna in the law by not providing an "interim allowance" to link alimony pendente lite to permanent periodic alimony. Fault adjudication, although procedurally distinct, is intimately related to divorce. Terminating alimony pendente lite during this ongoing divorce litigation would work an extreme hardship on the payee spouse. Moreover, the majority's interpretation of Cassidy creates a procedural pitfall that rewards a payee spouse who appeals in bad faith a judgment of divorce while intending to abandon the issue of divorce on appeal while punishing a payee spouse who is entitled to both alimony pendente lite and permanent periodic alimony but does not wish to contest the divorce. Because I see little difference between a judgment of divorce that is not appealed, and one that is appealed but abandoned, I interpret Cassidy to authorize that alimony pendente lite be continued until the determination of fault is definitive and I would overrule Wheelahan.
Accordingly, I would affirm the September 18, 1995 order of the trial judge, which makes executory alimony pendente lite for the month of August 1995 after the divorce became final by denying the writ.